**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Juan X. High,

      Plaintiff(s),

v.

Rebekah Holst, et al.,

      Defendant(s).

Case No. 2:26-cv-00987-GMN-NJK

**Order**

[Docket No. 4]

Pending before the Court is Plaintiff's second application to proceed *in forma pauperis*. Docket No. 4. Also pending before the Court is an order to show cause, Docket No. 5, to which Plaintiff filed a response, Docket No. 10.

On March 31, 2026, Plaintiff filed an impromptu application to proceed *in forma pauperis*, attesting to having zero income, zero assets, zero cash, and $0.99 in bank accounts. Docket No. 1 at 2. The Court denied that application without prejudice for not being filed on the approved form. Docket No. 3. On April 14, 2026, Plaintiff filed an application to proceed *in forma pauperis* on the approved form, again attesting to having zero income and zero assets, but now representing that Plaintiff has $3.79 in cash or bank accounts (i.e., an increase from the previous attestation). See Docket No. 4 at 1-2.

In responding to the Court's order to show cause, Plaintiff now indicates that he receives significant financial support from his son-in-law. Docket No. 10. That support apparently includes free housing. utilities, food, and other necessities, as well as cash provided to Plaintiff. *See id.* at 5. As the case law cited by Plaintiff makes clear, in deciding whether to allow a litigant to proceed *in forma pauperis*, courts may "may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse,

parent, adult sibling or other next friend.'" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)).[1]

The overarching problem is that Plaintiff previously attested to receiving no gifts and having no other source of income. Docket No. 4 at 1 (question 3).[2] While the Court will give Plaintiff the benefit of the doubt that this omission was unintentional, Plaintiff must file an *in forma pauperis* application signed under penalty of perjury that accurately reflects the income he has received including in the form of gifts or from any source, along with a description of the source of money, the amount received, and the amount expected in the future.

Accordingly, the Court **DENIES** without prejudice Plaintiff's second application to proceed *in forma pauperis*. Docket No. 4. The Court **INSTRUCTS** the Clerk's Office to send Plaintiff the short *in forma pauperis* form for non-prisoners. No later than June 5, 2026, Plaintiff must either (1) file another application to proceed *in forma pauperis* that is complete and accurate or (2) pay the filing fee. The Court **DISCHARGES** the order to show cause.

Lastly, if Plaintiff is relying on artificial intelligence (AI) to assist in preparing his filings, Plaintiff is warned that he must **independently** ensure the accuracy of those filings.

IT IS SO ORDERED.

Dated: May 6, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff indicates that *Fridman* "hold[s] that [an] applicant receiving in-kind family support may truthfully attest to zero income and zero assets on [an] IFP application." Docket No. 10 at 2. The decision includes no such holding. *See Fridman*, 195 F. Supp. 2d at 537-38.

[2] The application to proceed *in forma pauperis* purposefully casts a wide net, including requiring details as to any gifts or income from any source. Docket No. 4 at 1. Plaintiff argues that "courts do not treat as reportable 'income' for IFP purposes" the type of familial financial assistance that Plaintiff now claims. Docket No. 10 at 2 (citing *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995)). Nowhere in the cited decision is that assertion made and, instead, the applicant in that case specifically attested to the amount of money received from family members. *See Olivares*, 59 F.3d at 111 (explaining that the applicant had shown that he "received $110 dollars from family members in the six month period preceding the submission of his complaint").